LUBIN & ENOCH, P.C.
Nicholas J. Enoch
State Bar No. 016473
Stanley Lubin
State Bar No. 003076
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barber, Tammy L., a single woman,<br><br>    Plaintiff,<br><br>v.<br><br>Jaime and Jeremy Lilly, wife and husband; and AZ Pool Supplies, Inc., a Nevada Corporation,<br><br>    Defendants. | No.<br><br><br>**COMPLAINT** |

**NOW COMES** the Plaintiff, Tammy L. Barber ("Barber"), by and through her attorneys, Lubin & Enoch, P.C., bringing this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

### INTRODUCTION

1. Barber is a former employee of Defendants Jaime and Jeremy Lilly ("the Lillys"), and AZ Pool Supplies, Inc., a Nevada Corporation ("AZ Pool"), hereinafter collectively referred to as "Defendants".

///
///
///

2. In this lawsuit, Barber alleges that Defendants have willfully contravened her right to be compensated for all overtime due her in accordance with the FLSA.

**PARTIES**

3. Barber currently resides in Mesa, Arizona.

4. Barber is a former employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

5. Defendants acted as Barber's "employer" as defined in 29 U.S.C. § 203(d).

6. The Lillys are now, and at all times relevant hereto have been, wife and husband, constituting a marital community under the laws of the State of Arizona. The acts engaged in, and the omissions made by, the Lillys were performed as agents, and for the benefit, of the marital community.

7. The Lillys are the officers and directors of AZ Pool. Defendant Jaime Lilly is the President and one of the two Directors of AZ Pool. Defendant Jeremy Lilly is the second Director of AZ Pool. In these roles, the Lillys retain complete control over and responsibility for the operations of AZ Pool, including, *inter alia*, hiring and firing employees, supervising and controlling employee work schedules and conditions of employment, determining the rate and method of payment, and maintaining any employment records that may exist.

8. Both of the Lillys are an "employer" as defined in 29 U.S.C. § 203(d).

9. AZ Pool is an internet-based pool supply company incorporated under the laws of the State of Nevada and maintains its headquarters on North Scottsdale Road in Scottsdale, Arizona.

10. AZ Pool is a corporation duly licensed to conduct business in the State of Arizona.

11. Defendants are engaged in commerce or in the production of goods for commerce and/or handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and the enterprises' annual gross volume of sales or business done is not less than $500,000.

12. While she was employed by Defendants as a so-called "customer service manager", Barber was engaged in commerce or in the production of goods for commerce. Among other things, Barber regularly communicated with clients across state lines to take orders, process orders, and order inventory.

## JURISDICTION AND VENUE

13. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

14. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201(a) and 2202.

///
///
///
///

15. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendants are subject to personal jurisdiction in this district.

**GENERAL ALLEGATIONS**

16. From on or about October 2010 through about January 2013, Barber worked for Defendants at the AZ Pool store located at 10267 North Scottsdale Road in Scottsdale, Arizona.

17. AZ Pool issued Barber paychecks and her 2011 and 2012 W-2s, among other things.

18. During her tenure with Defendants, Barber was scheduled to work Monday through Friday from 6:00 a.m. until 2:30 p.m. However, on average she worked approximately ten (10) hours per day, five (5) days per week. Barber also occasionally worked on Saturdays.

19. Beginning in June 2010, Barber's pay was $10 per hour. In May 2011, Barber began earning $14 per hour. She was paid every two weeks.

20. Barber alleges that Defendants failed to pay all wages due for work performed during her tenure, including failure to pay her the applicable overtime pay for all hours worked.

21. A cursory examination of Barber's paychecks demonstrates the fact that Defendants did not pay overtime. *See, e.g.*, attached Exhibit A.

22. Barber resigned from her employment with Defendants in January 2013.

23. When Barber informed Defendants that they had failed to pay her overtime as they were required to do, Defendants expressly denied that they were required to pay employees overtime. Remarkably, Defendant Jeremy Lilly, via an email dated March 16, 2013, stated "[w]e have been more than fair in compensating you for your work, and we have not violated any labor laws. The state of Arizona does not require an employer to pay employees OT pay." Suffice it to say, the overtime provisions of the FLSA do, in fact, require employers to pay overtime for hours worked over forty (40) in a week.

24. The crux of federal wage and hour laws is one simple proposition - employees are entitled to be paid for all hours worked.

25. Indeed, unless proven to be exempt from the protection of overtime laws, all employees are entitled to receive premium overtime pay for work in excess of forty (40) hours per week.

26. Due to the nature of the job responsibilities and requirements of her role as a "customer service manager", Barber regularly worked more than forty (40) hours a week during the course of her employment with Defendants.

27. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

28. Defendants' employment policies for "customer service managers" did not require them to hold any specific degree, therefore Barber does not qualify for the professional exemption because "customer service managers" are not employed in a *bona fide* professional capacity, requiring a specific degree in a field of science or learning.

29. Barber does not qualify for the executive exemption because she did not have the authority to hire or fire any of the employees working for Defendant, nor was she responsible for managing the affairs of the company.

30. Barber does not qualify for the administrative exemption first and foremost because she was not compensated on a salary or fee basis at a rate not less than four hundred fifty-five (455) dollars per week. Barber is also not exempted under the administrative exemption because her duties did not include running the general business operations or exercising independent judgment and discretion about matters of significance.

31. Lastly, Barber is not exempt under the commissioned sales exemption because she did not receive any commissions.

32. As such, Barber was not exempt from the requirement of overtime pay.

33. In violation of the FLSA, Barber was not paid overtime compensation at a rate not less than one and one-half (1½ x) times her regular rate of pay for work performed over the forty (40) hour work week.

34. Barber alleges that Defendants' failure to pay overtime was knowing and willful. Even after Barber put Defendants on notice that they failed to pay her overtime, Defendants still, and expressly, refused to do so.

35. Evidence reflecting the precise number of overtime hours worked by Barber, as well as the applicable compensation rates, is in the possession of Defendants. If these records are unavailable, Barber may establish the hours she worked solely by her testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

**FIRST CLAIM FOR RELIEF**
**Violation of FLSA Overtime Compensation Standard**

36. Barber incorporates the allegations contained in the previous paragraphs of this complaint as if fully set forth herein.

37. At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce.

38. Defendants' failure to pay Barber overtime compensation at a rate not less than one and one-half (1½ x) times the rate at which she was employed for work performed beyond the forty (40) hour workweek is a violation of the FLSA, 29 U.S.C. §§ 206, 207.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 216(b).

40. Barber is entitled to receive compensation at a rate of one-half times (½ x) the regular wage rate for any hours worked for the Defendants in excess of the forty (40) hours worked in any week for which she previously received compensation plus liquidated damages for unreasonably delayed payment of wages, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b), which form an integral part of the relief sought herein.

**PRAYER**

**WHEREFORE**, Barber prays that she recover from Defendants the following:

1. An award of unpaid overtime in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. §§ 207 and 216(b);
2. An award of liquidated damages in addition to the unpaid overtime set forth in #1, *supra*, in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. §216(b);
3. In the unlikely event that liquidated damages are not awarded as set forth in #2, *supra*, pre-judgment interest on unpaid back wages;
4. Post-judgment interest on unpaid back wages;
5. Attorneys' fees pursuant to 29 U.S.C. § 216(b);
6. Court costs and costs of litigation pursuant to 29 U.S.C. §216(b); and
7. Such other and further declaratory and equitable relief as the Court deems just.

8

RESPECTFULLY SUBMITTED this 25th day of June, 2013.

LUBIN & ENOCH, P.C.

s/ Nicholas J. Enoch
Nicholas Enoch, Esq.
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of June, 2013, I electronically transmitted the attached Complaint to the U.S. District Court Clerk's office using the CM/ECF System for filing.

s/Carrie Jones

# EXHIBIT A

# Earnings Statement

**ADP**

Company Code: RQ / CKF 20082475
Number: 1346751
Page: 1 of 1

AZ Pool Supplies Inc
10229 N Scottsdale Rd Ste C
Scottsdale, AZ 85253-1437

Period Starting: 06/28/2012
Period Ending: 07/11/2012
Pay Date: 07/12/2012

Taxable Marital Status: Single
Exemptions/Allowances:
| | Tax Override: |
Federal: 15 | Federal: 0.00 Flat
State: 0 | State: 0.00 Flat
Local: 0 | Local:
Social Security Number: XXX-XX-6289

Tammy Barber
4530 E Camino Circle
#2
Mesa, AZ 85205

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 14.00 | 107.00 | 1498.00 | 16565.50 |
| Sick | | | 0.00 | 322.00 |
| **Gross Pay** | | | **$1,498.00** | **$16,887.50** |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | 0.00 | 553.86 |
| Social Security | -62.92 | 709.28 |
| Medicare | -21.72 | 244.87 |
| Arizona State Income | 0.00 | 212.27 |

| Net Pay | $1,413.36 |
|---|---|

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Sick | | |
| - Carry Over | | 4.62 |
| - Accrued Hours | 1.54 | 26.18 |
| - Taken Hours | 0.00 | 23.00 |
| - Balance | | 3.18 |

| Deposits | | |
|---|---|---|
| account number | transit/ABA | amount |
| XXXXXX3107 | XXXXXXXXXX | 100.00 |
| XXXXXX6729 | XXXXXXXXXX | 100.00 |
| XXXXX2800 | XXXXXXXXXX | 1213.36 |

Your federal taxable wages this period are $1,498.00

◀ TEAR HERE                ©1998, 2006. ADP, Inc. All Rights Reserved.