**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy L. Barber, a single woman, ) | No. CV-13-1270-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Jaime and Jeremy Lilly, wife and husband;) | |
| AZ Pool Supplies, Inc., a Nevada) corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This Fair Labor Standards Act ("FLSA") action arises on Plaintiff's Motion for Order Authorizing Alternative Service, pursuant to Rules 4(e)(1), Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and Rule 4.1(k), Arizona Rules of Civil Procedure ("Ariz.R.Civ.P."), filed on September 24, 2013. (Doc. 9)  Plaintiff requests an order authorizing alternative service of the Summons, Complaint, and this Order by (1) e-mail (info@azpoolssuppllies.com), (2) facsimile ((480) 607-1904), and (3) certified mail, return receipt requested, to Defendants Jaime and Jeremy Lilly's ("Lillys") work and residential addresses, *viz*: 1) AZ Pool Supplies, Inc., 10267 North Scottsdale Road, Scottsdale, Arizona 85253, and 2) on North 37th Way,[1] Phoenix, Arizona 85050, due to Plaintiff's numerous, but unsuccessful attempts, to serve the Lillys at their business store and residence. (*Id*. at 2-5)  Plaintiff alleges that service of process "ha[s] proven impracticable" because the Lillys are avoiding service. (*Id*. at 2-3)

---

[1] The complete street address is not identified in this public document to protect the Lillys' privacy interests.

## I. Background

This action was instituted on June 25, 2013. (Doc. 1) The Complaint alleges that Defendants failed to pay Plaintiff, a former employee of AZ Pool Supplies, Inc., all wages earned for work she performed during her employment, including the failure to pay FLSA overtime hours worked. (*Id*. at 4) Plaintiff seeks an award of unpaid overtime; liquidated damages; pre-judgment and post-judgment interest on unpaid back wages; and an award of attorneys' fees, court costs, and costs of litigation as proven pursuant to 29 U.S.C. § 216(b). (*Id*. at 8) Subject matter jurisdiction is predicated upon 28 U.S.C. § 1331.

According to Plaintiff, with the exception of their home address, all of the Lillys' contact information was gleaned from the "Contact Us" portion of the AZ Pool Supplies' website, http://www.azpoolsupplies.com/contact-us/ and has been independently confirmed. (Doc. 9 at 2 n.1) The Court has independently reviewed, and taken judicial notice of, the Nevada Corporation Commission's public records which indicate that AZ Pool Supplies' registered agent is Jaime Lilly with an address of 1022 Nevada Highway, Suite 139, Boulder City, Nevada 89005, and the corporate officers are Jaime E. Lilly, President and Secretary, and Jeremy Lilly, Treasurer and Director, each having the address of 10229 North Scottsdale Road, Suite C, Scottsdale, AZ 85253.[2]

Plaintiff provides the Court with information from twelve affidavits that process server Bryan Curry spoke with a U.S. Postal carrier, who confirmed that, as of July 9, 2013, the Lillys lived at N. 37th Way residence in Phoenix, AZ 85050; on each attempt to serve process at the residence, someone looked through the front door's peephole, but would not open the door; and on different occasions, a young adolescent female looked through a window, but would not open the door. (Doc. 9-1, Exhibits ("Exhs.") A-L at 1-24) Further,

---

[2] *See* http://nvsos.gov/sosentitysearch/AZ Pool Supplies, Inc. (last viewed 10/1/13). A district court may properly take judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201, Fed.R.Evid.; *see also United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008).

1 printouts of text messaging from Sprint, confirming the Lillys are aware of Plaintiff's lawsuit. (*Id*. Exh. M)

## II. Alternative Service

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of the summons and complaint must be satisfied. *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*; *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Because service of process is the means by which a trial court obtains jurisdiction over a person, "[a] person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process." *Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Rule 4, Fed.R.Civ.P., governs the service of process in federal courts. "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Unless extended by the district court, "[a] plaintiff must serve all defendants with a copy of the summons and complaint within 120 days of filing a complaint." *Robinson v. Heritage Elementary School*, 2009 WL 1578313, *2 (D. Ariz. June 3, 2009) (citing Rule 4(m), Fed.R.Civ.P.).

Federal Rule of Civil Procedure 4(h) addresses service of process on an individual or a legal entity, such as a corporation, partnership, or limited liability company, within or outside a judicial district of the United States. It provides that unless otherwise provided by federal law or a defendant's waiver of service under Rule 4(d) has been filed, a person or legal entity may be served in any judicial district of the United States. Rule 4(h) provides, in relevant part, as follows:

(1) in a judicial district of the United States:

  (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

  (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant . . . .

Rule 4(h)(1)(A)-(B), Fed.R.Civ.P.

Federal Rule of Civil Procedure 4(e)(1) provides, in part, that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Rule 4(e)(1), Fed.R.Civ.P. Rule 4(e)(2)(C), Fed.R.Civ.P., authorizes service on a limited liability company by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Under Arizona law, when personal service has become impracticable, Rule 4.1(k), Ariz.R.Civ.P., formerly Rule 4.1(m), authorizes service by alternative means as follows:

> **Alternative or Substituted Service.** If service by one of the means set forth in the preceding paragraphs of this Rule 4.1 proves *impracticable*, then service may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served and, in any event, *the summons and the pleading to be served, as well as any order of the court authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served* . . . .

Rule 4.1(k), Ariz.R.Civ.P. (emphasis added).

Arizona law does not expressly define the standard for impracticability, but in 2010, the Arizona Court of Appeals in *Blair* approvingly cited the language from a New York case on a similar service issue. "[T]he standard of impracticability [i]s "different from the more stringent one of 'due diligence'. . . That is, to meet the standard on impracticability does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken[.]" 226 Ariz. at 218, 245 P.3d at 903 (quoting *Kelly v. Lewis*, 220 A.D.2d 485, 486, 632 N.Y.S.2d 186, 186 (App.Div.1995)). Applying this standard of impracticability, the New York court concluded that three attempts at service on three different days constituted sufficient efforts to warrant alternative means of service. Adopting the same standard, the *Blair* court found that Blair's

1 efforts at service without success met the definition of impracticability justifying alternative
2 service. Blair's process server attempted service at both defendants' place of business and
3 the individual defendant's residence on five different days at various times. In addition to
4 these physical attempts, the process server attempted to ascertain over an additional seven
5 days whether the individual defendant was present in the office so that service could be
6 made. Each time he was told this defendant was not in the office. These facts and
7 circumstances, the Arizona court concluded, "demonstrate that service of process through
8 the usual means would have been 'extremely difficult or inconvenient[]'" and was
9 impractical which justified the trial court's authorization of alternative service under Arizona
10 law. Because the trial court did not abuse its discretion in permitting alternative service by
11 the means employed, it had jurisdiction over the defendants. The *Blair* court affirmed the
12 default judgment against the defendants. 226 Ariz. at 221, 245 P.3d at 906.

13 **III. Waiver of Service**

14 Federal Rule of Civil Procedure 4(d)(2) requires a defendant to pay reasonable
15 attorney's fees if a defendant refuses to sign and return a waiver of service requested by
16 plaintiff without good cause and the plaintiff files a motion to collect any service-related
17 expenses. *See* Fed.R.Civ.P. 4(d)(2); *Rollin v. Cook*, 466 Fed.Appx. 665 (9th Cir. 2012).
18 "Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts
19 to the defendant to avoid imposing unnecessary costs on the plaintiff. *Rollin*, 466 Fed.Appx.
20 at 667 (citing Fed.R.Civ.P. 4(d)(1)). "Absent a showing of good cause, a defendant who fails
21 to execute a valid waiver 'must' pay the costs of formal service and any costs, including
22 reasonable attorney's fees, of any motion 'required' to collect service expenses."

23 **IV. Discussion**

24 After commencing this suit, Plaintiff made a dozen or so unsuccessful attempts to
25 personally serve the Defendants at the Lillys' place of business and their current residence.
26 Plaintiff has demonstrated that her continued efforts to serve Defendants by traditional
27 means are impracticable within the meaning of Rule 4.1(k), Ariz.R.Civ.P. After
28 consideration of the Motion, the evidence presented, and in view of Defendants' efforts to

1 evade service of process and the futility of further attempts to personally serve the
2 Defendants, which continue to escalate the attorney's fees and costs of this action, the Court
3 finds service of process on Defendants by traditional means is impracticable. *See BMO*
4 *Harris Bank, N.A. v. D.R.C. Investments, L.L.C.*, 2013 WL 4804482 (D. Ariz. Sept. 9, 2013).
5 The Court will grant the Plaintiff's request for alternative service.

6 Accordingly,

7 **IT IS ORDERED** that Plaintiff's Motion's for Alternative Service, doc. 9, is
8 **GRANTED**.

9 **IT IS FURTHER ORDERED** that Plaintiff may serve the Defendants, and each of
10 them, by (1) e-mail (info@azpoolssuppllies.com), (2) facsimile ((480) 607-1904), and (3)
11 certified mail, return receipt requested, to Defendants Jaime and Jeremy Lilly's work and
12 residential addresses identified in the Motion.

13 **IT IS FURTHER ORDERED** that Plaintiff must file with the District Court
14 satisfactory evidence that a copy of the Summons, Complaint, and this Order were mailed,
15 faxed and e-mailed as set forth above. The provision of this evidence shall be deemed
16 sufficient proof that Defendants, and each of them, have been appropriately and lawfully
17 served with process in this action.

18 Dated this 1st day of October, 2013.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge